# CASES OF APRIL TERM, 1864.

CHARLES B. FARWELL, IMPL., ETC.,

*v.*

MAX A. MEYER.*

1. BLANK INDORSEMENTS *upon promissory notes — of the rights of a subsequent holder.* A blank indorsement is effectual to pass a note, and gives to the transferree unqualified power of the disposition of the paper.

2. The holder of a note thus indorsed is at liberty to write over the name of the indorser any words which do not enlarge his liability.

3. SAME — *securities pass also.* The indorsement of a note takes, in general, the securities with it.

4. SAME — *need not be filled up.* So where a note was given, and a warrant of attorney to confess a judgment in favor of the payee or his assigns, and the note indorsed in blank by the payee, a judgment was entered by confession under the warrant of attorney, in favor of a holder who was not an original party to the note, without the blank indorsement being filled up so as to make him the specific indorsee. It was held, the objection that the papers on file did not show authority for the entry of a judgment in favor of the plaintiff, was not substantial.

5. JUDGMENT BY CONFESSION. A judgment entered by confession, in open court, under a warrant of attorney, more than a year after the warrant was executed and the debt has become due, will not be reversed merely because no affidavit was filed showing the defendant was living and the debt remained unpaid at the time of the entry of the judgment. The party applying to have the judgment set aside must show some equitable reason therefor, in addition.

6. FORMER DECISION. To the extent above indicated, the opinion in *Hinds* v. *Hopkins*, 28 Ill. 350, is modified.

WRIT OF ERROR to the Superior Court of Chicago.

On the 16th day of October, 1857, Zimmerman and Farwell gave to Greenebaum Brothers the following promissory note:

---

* This and the remaining cases in this volume, of the April term, 1864, were inadvertently omitted from their proper place in the former part of the volume.

"$750.00.                    CHICAGO, October 16, 1857.

Thirty days after date, for value received, we promise to pay to Greenebaum Brothers, or order, the sum of seven hundred and fifty dollars, with interest after due at ten per cent. per annum, for money borrowed, payable at the office of Greenebaum Brothers, Chicago.

                    H. W. ZIMMERMAN.
                    C. B. FARWELL, *as security*."

The note was indorsed in blank as follows:

" Without recourse.

                    GREENEBAUM BROTHERS."

On the same day, the makers of the note executed a warrant of attorney, authorizing any attorney of any court of record, at any time after the date thereof, to waive service of process and confess a judgment in favor of the said Greenebaum Brothers, or their assigns, upon the said note, etc.

At the November special term, 1858, of the Cook County Court of Common Pleas, a declaration was filed by Max A. Meyer, counting upon the said note, and alleging the plaintiff to be the assignee thereof. With the declaration were filed, the note; the indorsement thereon, still in blank; the warrant of attorney, and an affidavit of its execution. A cognovit was filed, and judgment entered by confession.

At the November term, 1863, a motion was entered in the Superior Court of Chicago, (to which the records of the Cook County Court of Common Pleas had been transferred), to set aside that judgment for the reasons, 1st, that the papers filed do not show any authority for the entry of judgment in the name of Max A. Meyer, the note filed with the letter of attorney not being assigned or indorsed to him; 2nd, that there was no affidavit filed that the defendants were living at the time of the entry of the judgment, the warrant of attorney having been executed, and the note become due and payable, more than a year before judgment entered.

This motion was overruled, and exception taken. The cause is brought to this court upon writ of error; and it is insisted

the judgment should have been set aside upon the grounds alleged.

Mr. W. T. BURGESS, and Mr. C. M. HAWLEY, for the Plaintiff in Error.

Messrs. GOOKINS, THOMAS & ROBERTS, for the Defendant in Error

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record shows a judgment on a cognovit in the Superior Court of Chicago. Three objections are made to the proceedings. 1st, That the papers filed in that court failed to show any authority for the entry of the judgment in the name of Meyer, the note not being indorsed to him. 2nd, Because of the usury in the extension of payment. 3rd, There was no affidavit that defendant was living at the time of the rendition of the judgment, the power of attorney having been executed and the note due more than one year prior thereto.

We do not think the first objection is substantial. The most common way of indorsing such paper in actual use is by blank indorsement. This kind of indorsement is effectual to pass the paper, and gives to the transferree unqualified power of disposition of the paper, and is, therefore, more convenient to him, while it lays no additional obligation on the indorser.

This being so, the holder of such a note, so indorsed, has the right to write over the name of the blank indorsement a direction to himself, or to any other person, or any other words which do not enlarge the liability of the indorser. 2 Parsons on Notes and Bills, 19. The indorsement of the note takes, in general, the securities with it. *Vansant* v. *Allmon*, 23 Ill. 34.

The second objection is not mooted, and we pass it by.

On the remaining point reference is made to *Hinds et al.* v. *Hopkins*, 28 Ill. 350, in which this court held, on the authority of some English cases, that it was irregular to enter a judgment by confession on a warrant of attorney which had been executed more than a year and a day, unless an affidavit is filed

showing that the maker is alive, and the debt, or some portion of it, is still due.

We have since had occasion to review that decision, and we have done so with great deliberation, understanding it had not proved satisfactory to the profession, and was calculated to produce injurious results. Accordingly, when the question came up at this term, on an application for a supersedeas in the case of *Rising* v. *Brainard, ante,* p. 80, we held that we would not reverse a judgment entered by confession in open court, on the sole ground that no affidavit was filed showing that the defendant was alive, and that the debt was due; the party applying must show some equitable reason therefor in addition. To this extent the opinion in 28th Ill. is modified.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*